**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAL SHECHTER,<br><br>                    Plaintiff,<br><br>          v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>et al.,<br><br>                    Defendants. | Civil Action No. 20-5552 (MAS) (ZNQ)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss Plaintiff Michal Shechter's ("Plaintiff") Complaint. (ECF No. 12.) Defendant Experian Information Solutions, Inc. ("Experian") (with BANA, "Defendants") joined BANA's Motion. (ECF No. 17.) Plaintiff opposed (ECF No. 18) and BANA replied (ECF No. 19). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Defendants' Motion is granted.

### I.    BACKGROUND

This action arises out of alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Plaintiff defaulted on a credit card debt owed to BANA, resulting in BANA

charging off the account.[1] (Compl. ¶¶ 11–12, ECF No. 1.) Sometime thereafter, Plaintiff noticed

that his Experian credit report "simultaneously listed" the status of his BANA account as "charged

off[,] $3,030 written off[,] $3,030 past due."[2] (*Id.* ¶ 12; Pl.'s Experian Credit Report ("ECR"), Ex.

A to Pl.'s Opp'n Br., ECF No. 18-1.) The report also listed Plaintiff's scheduled monthly payment

as $0. (Pl.'s ECR.)

On May 5, 2020, Plaintiff filed the present four-count action against Defendants, alleging

According to Plaintiff, the credit report "is inherently inaccurate and false because it cannot

simultaneously contain an open balance and be written off, since part of the account that is written

off should no longer be included in a past due balance." (Compl. ¶ 13.) Plaintiff notified Experian

of the alleged inaccuracy on September 4, 2019. (*Id.* ¶ 16.) Experian, in turn, notified BANA of

Plaintiff's dispute. (*Id.* ¶ 17.) Plaintiff asserts that despite reporting the alleged inaccuracy,

Defendants continue to disseminate such "inaccurate and materially misleading" information to

other third parties. (*Id.* ¶ 23.) Plaintiff also asserts that he "suffered a decreased credit score due to

the inaccurate information on [his] credit file." (*Id.* ¶ 24.)

On May 5, 2020, Plaintiff filed the present four-count action against Defendants, alleging

willful and negligent violations of the FCRA. (*See generally* Compl.) Counts One and Two allege

Experian failed to "follow reasonable procedures to assure maximum possible accuracy" of the

information reported and also failed to "delete inaccurate information from the credit file." (*Id.* ¶¶

28, 34–35.) Counts Three and Four allege BANA failed to properly investigate the dispute and

---

[1] "A charge-off is defined as '[treating] (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt.'" *Crown Bank v. Fed. Deposit Ins.*, No. 15-3629, 2017 WL 2656015, at *2 n.2 (D.N.J. June 19, 2017) (alteration in original) (citation omitted).

[2] Although generally "a district court ruling on a motion to dismiss may not consider matters extraneous to pleadings," a "document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (alteration in original) (citations omitted).

rectify the inaccurate information. (*Id.* ¶¶ 44–46, 55–58.) Defendants now move to dismiss for failure to state a claim. (ECF Nos. 12, 17.)

## II.    LEGAL STANDARD

Rule 8(a)(2)[3] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

---

[3] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

III.   **DISCUSSION**

A.   **Parties' Positions**

Defendants argue that the furnished information is not inaccurate and therefore cannot give rise to liability under the FCRA. (BANA's Moving Br. 8, ECF No. 12-2; Experian's Moving Br. 2, ECF No. 17.) Defendants note that Plaintiff does not allege he paid off the balance nor that BANA forgave the debt. (BANA's Moving Br. 8; Experian's Moving Br. 2.) Defendants also note that "(i) a charge-off is not a voluntary action of a creditor; (ii) a charge-off does not extinguish the debt; and (iii) Plaintiff is still obligated to repay the debt after a charge-off." (BANA's Moving Br. 1; Experian's Moving Br. 3.) According to Defendants, therefore, Plaintiff's credit report accurately reflects that his account with BANA is "written-off, charged-off, and past-due with an open balance." (BANA's Moving Br. 2; Experian's Moving Br. 4.)

In opposition, Plaintiff acknowledges that the debt is still legally enforceable and "concedes that [BANA] may still report the outstanding balance on the account." (Pl.'s Opp'n Br. 1.) Plaintiff also acknowledges that his credit report reflects a scheduled monthly payment of $0. (*Id.* at 12.) Plaintiff argues, however, that reporting a past-due balance on a charged-off account is inaccurate and materially misleading because it suggests that he has an ongoing monthly obligation on an account that has otherwise been charged-off. (*Id.* at 1.)

B.   **Plaintiff Fails to State a Claim under the FCRA**

The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010). Under the FCRA, "[w]henever a credit reporting agency [('CRA')] prepares a consumer report it shall follow reasonable procedures to assure maximum

4

possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). If a consumer disputes the information contained in his credit report to a CRA, the CRA is required to notify the entity that furnished the disputed information about the consumer's dispute. 15 U.S.C. § 1681i(a). The furnisher then must, *inter alia*, conduct a reasonable investigation into the consumer's complaint and rectify any inaccuracies. 15 U.S.C. § 1681s-2(b).

The FCRA provides a private cause of action for willful and negligent violations of the Act. *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (citing 15 U.S.C. §§ 1681n, 1681o). To state a claim under Section 1681s-2(b), a plaintiff must allege that: (1) he sent notice of the disputed information to a CRA; (2) the CRA then notified the furnisher of the dispute; and (3) the furnisher failed to conduct a reasonable investigation and rectify the inaccurate information. *Ameri v. Equifax Info.*, No. 14-3319, 2015 WL 1275283, at *4 (D.N.J. Mar. 9, 2015) (citation omitted). "Court[s] have explicitly held that a showing of inaccuracy is essential to a [Section] 1681s-2(b) claim." *Gatanas v. Am. Honda Fin. Corp.*, No. 20-7788, 2020 WL 7137854, at *3 n.3 (D.N.J. Dec. 7, 2020) (citing *Pittman v. Experian Info. Sols. Inc.*, 901 F.3d 619, 629 (6th Cir. 2018) (collecting cases)). A showing of inaccuracy is also essential when considering a challenge under Section 1681e(b) or Section 1681i. *Lieberman v. Am. Express Co.*, No. 19-6989, 2020 WL 5517271, at *1 (E.D.N.Y. Sept. 14, 2020). The Third Circuit has noted that "even if the information is technically correct, it may nonetheless be inaccurate if, through omission, it "create[s] a materially misleading impression." *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014) (citation omitted).

Here, the parties do not dispute that Plaintiff notified Experian of the alleged inaccuracy, nor that Experian notified BANA of Plaintiff's dispute. The Court, therefore, considers only prong three: whether Plaintiff has sufficiently pled that BANA failed to conduct a reasonable

investigation and rectify the allegedly inaccurate information. For the following reasons, the Court finds that Plaintiff fails to plausibly allege that his credit report contains inaccurate information.

In his Opposition Brief, Plaintiff does not dispute that his BANA account is in fact charged-off and that there is a legally enforceable past due balance of $3,030. (Pl.'s Opp'n Br. 1.) Instead, relying on *Jackson v. Equifax Information Services, LLC*, No. 18-271, 2019 WL 179570 (M.D. Ga. Jan. 11, 2019), Plaintiff argues that reporting a past due balance on a charged-off account is inaccurate and misleading because it suggests he has an ongoing monthly payment obligation. (*Id.* at 1, 6–10.) Plaintiff's reliance on *Jackson* is misplaced. There, the plaintiff's credit report reflected a scheduled monthly payment of approximately $500, along with a past due balance of $7,411 on a charged-off account. *Jackson*, 2019 WL 179570, at *3. The court found that "the monthly payment trade line could materially mislead a prospective lender about the nature of [the p]laintiff's obligation to make payments on this account particularly when the account continues to list a balance despite being charged off." *Id.* at *4. Here, however, Plaintiff's credit report provides that his scheduled monthly payment is $0. (Pl.'s ECR.) Therefore, contrary to Plaintiff's conclusory assertion, his credit report does not misleadingly suggest that he has an "ongoing monthly liability" because it expressly provides that he has a $0 monthly payment obligation.

The Court is unpersuaded by Plaintiff's unsupported argument that despite reflecting a $0 monthly payment obligation, the credit report is nonetheless inaccurate and misleading because it contains his past due balance of $3,030. According to Plaintiff, the past due balance itself "represents a current monthly liability." (Pl.'s Opp'n Br. 1.) Another district court recently rejected an almost identical argument made in factually similar cases. *Artemov v. Transunion, LLC*, No. 20-1892, 2020 WL 5211068, at *3 (E.D.N.Y. Sept. 1, 2020) (granting motion to dismiss); *Lieberman*, 2020 WL 5517271, at *1 (same).

6

In *Artemov*, the plaintiff's credit report listed two of his accounts as (1) charged-off and closed, (2) with a "non-zero past due balance," and (3) a $0 monthly payment obligation. 2020 WL 5211068, at *1. The plaintiff claimed those entries were inaccurate and misleading because "representing the account as charged[-]off, while listing a past due balance, misleads potential creditors into believing that he has an ongoing monthly liability." *Id.* The court disagreed.

In granting the defendants' motion to dismiss, the court found that the defendants "had no obligation to zero out the . . . past due balance." *Id.* at *4. The court explained that "listing a past due balance for a charged[-]off account was factually correct" because the debt was still legally enforceable. *Id.* at *5. The court also rejected the plaintiff's argument that listing a past due balance misleadingly suggested he had a reoccurring monthly payment obligation because the credit report listed his monthly payment obligation as $0. *Id.*

This Court reaches the same conclusion. Plaintiff fails to plausibly allege his credit report contains inaccurate information because his BANA account is indisputably charged-off with a legally enforceable past due balance. Plaintiff also fails to plausibly allege that his credit report misleadingly suggests he has an ongoing monthly payment obligation because the report expressly states that his monthly payment obligation is $0.[4] The Court, accordingly, finds that Plaintiff fails to state a claim under the FCRA.

---

[4] As the *Artemov* court noted, to adopt Plaintiff's "reasoning[,] that a charge off categorically precludes a creditor from reporting the total past due amount[,]" would be contrary to the "purpose of credit reporting companies: to present an even handed and fair representation of a particular consumer's ability and willingness to pay off debt, so as to encourage a creditor to take a risk and extend a line of credit to a particular consumer." 2020 WL 5211068, at *6.

IV.     **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss is granted. The Court will enter an Order consistent with this Memorandum Opinion.

/S/ Michael A. Shipp, U.S.D.J.
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE